UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

04 MAY 20  PM 4: 01

U.S. DISTRICT COURT
N.D. OF ALABAMA

REGIONAL BIOMEDICAL LABORATORY,    ]
           ]
  Plaintiff,      ]
           ]
  vs.         ] CV03-CO-03316-W
           ]
ROCHE DIAGNOSTICS CORPORATION, ]
           ]
  Defendant.     ]

**ENTERED**

MAY 2 0 2004

MEMORANDUM OF OPINION

I. Introduction.

In its complaint,[1] Regional Biomedical Laboratory, Inc., ("Regional")

alleges that Roche Diagnostics Corporation ("Roche") breached the

agreements it had with Regional concerning certain diagnostic equipment

and the supplies needed to operate the equipment.  Regional also claims

relief based on different state law torts.  Finally, for good measure,

Regional seeks injunctive relief and a declaratory judgment.

---

[1]It is undisputed that this court has original jurisdiction of this case under 28 U.S.C. § 1332(a) based on the diversity of citizenship of the parties.

Page 1 of 10



Roche asks this court to enforce the forum selection clause it alleges is found in the contracts between the parties by transferring the case to the United States District Court for the Southern District of Indiana.  For the reasons set out in this opinion, the Motion to Transfer [Doc. # 8] will be granted.

II.    Facts.

Regional, an Alabama corporation, is an independent medical testing laboratory that utilizes certain equipment in its business.   Roche is an Indiana corporation with its principal place of business in Indianapolis, Indiana.  Chemical supplies, called reagents, are required to operate the equipment utilized by Regional.  In September 2000, Roche and Regional entered into a lease agreement concerning two diagnostic machines,  one Hitachi 917 and one Elecsys 2010. In addition, Roche, through a separate agreement, was to sell the required reagents to Regional.  Each of these agreements contains a forum selection clause.  The clause reads as follows:

> You agree that the laws of the State of Indiana will govern this Agreement and You consent to the exclusive jurisdiction of and venue in any court located within the State of Indiana.

As of July 2001, Regional amassed a debt to Roche of $208,000 associated with its leases or purchases.   In July 2001, the debt was converted to a promissory note.   The promissory note accrued interest at a rate of 10% per annum and required Regional to make monthly payments of $9,617.20.

In December of 2002, Regional claims it entered into an agreement with Roche to lease an additional diagnostic machine, a Sysmex XT1800i as well as an agreement for the continued sale of reagents.   Roche acknowledges that an offer was made to Regional in December of 2002, but denies that the contracts were ever signed by Roche and thus are unenforceable.  Regional represents to the court that the 2002 agreements did <u>not</u> contain any forum selection clause.

Roche provides the court with a complete copy of the 2002 alleged agreements, signed by Regional but not by Roche, as evidence of the fact that  no agreement was reached with Regional concerning the 2002 sale of equipment and reagents.[2]  Roche also asserts that even if it was found to

---

[2]Each of the agreements presented by Regional states immediately above the signature lines: "This agreement is not binding on us until signed by an authorized representative of our company at our home office." (Pl.'s Br. Ex. B.)

have made the agreements, the identical forum selection clause is located in the 2002 agreements.[3]

In Regional's complaint, it maintains that Roche breached its agreements and that in the negotiations and the period that followed, Roche committed various state law torts.  In addition, as part of its complaint, Regional claims that certain payments it made to Roche should have been applied to the purchase of reagents but were instead applied to the repayment of the promissory note.

III.   Discussion.

Roche seeks to transfer all of Regional's claims based on a forum selection clause that it insists is present in all agreements it entered with Regional.  Regional acknowledges that the clause is in the 2000 agreements, but maintains that the clause is not in either the 2002 Equipment Usage Agreement or 2002 Reagent Agreement.  Further, Regional argues that because the majority of the complaint is based in tort rather than based on

---

[3]The court notes that Regional did not include the second page of the 2002 alleged agreements in its submissions, and based on Regional's arguments, assumes that counsel for Regional was unaware that a second page existed.  Further, the court notes that Regional has not contested the authenticity of the second page or the "customer's authorized initials" on the bottom of that page.

the breach of the 2000 agreements, the clause is not sufficiently broad to encompass all its claims.

In considering the issues presented in the Motion to Transfer, the court is bound by certain principles.[4] *See  P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).  The first is that "[f]orum selection clauses in contracts are enforceable in federal courts." *P & S Bus. Mach., Inc.* at 807 (citing  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).  The second principle is that the court is governed by federal law in considering the effect of such clauses.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29 (1988).  And the third principle is that if the court finds the clause to be sufficiently broad to encompass the dispute, "[t]he burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute."  *See In re Ricoh Corp.*, 870 F.2d 570, 573

---

[4]An additional established principal is that the validity of the forum selection clause is "determined under the usual rules governing the enforcement of contracts in general." *See In re Ricoh Corp.*, 870 F.2d 570, 573 - 74 (11th Cir. 1989). This principal is not discussed because neither party has contested the validity of the clause.

(11th Cir. 1989); *see also Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F. 3d 688 (5th Cir. 1997) .

Regional argues that the majority of the claims it makes are based on tort law and thus should not be affected by the forum selection clauses contained in the contracts.  "Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Terra Int'l, Inc.,* at 693 (quoting *Berrett v. Life Ins. Co. of the Southwest*, 623 F. Supp. 946, 948-49 (D. Utah 1985).  The relevant portion of the clause states, "You consent to the exclusive jurisdiction of and venue in any court located within the State of Indiana."  Considering the word "exclusive" in the clause, it could be read broadly to require any contest between the parties to be held in the Indiana court.  It also could be read to limit its effect to actions brought under or because of the agreement.  Regional argues that its tort claims are independent of the 2000 agreements.  While it recognizes the involvement of the 2002 alleged agreements in its tort claims, Regional asserts that those agreements do not contain a forum selection clause.

A review of Regional's tort claims reveals that they are substantially based on and dependent upon the contracts.  In addition, the tort claims parallel the same facts as the breach of contract claims.  For example, Regional says that Roche agreed to transfer ownership of the Hitachi 917 and the Elecsys 2010 at the end of the original lease period for a nominal sum that it contends was paid either directly by Regional or indirectly by operation of the 2002 agreement.  The transfers were not made and Regional contends such failure constitutes various torts for which it seeks recovery.

In addition, according to Regional, it  was to make certain payments for reagents under either the 2000 agreement or the 2002 alleged agreement.  Regional contends that when it made payments earmarked for the reagents, Roche misapplied them to the promissory note.   The promissory note was at least in part a result of debts incurred by Regional under the 2000 agreements.   This misapplication forms the basis for part of Regional's tort claims.

The difficulty between the parties is not based upon just one agreement. The controversy between the parties is a result of intertwined agreements and business dealings. But for the 2000 Equipment Usage Agreement there would not have been a 2000 Reagent Agreement and thus there would not have been a promissory note or the collection of the same. The terms of the 2002 alleged agreements, if they exist at all, will have to be determined based upon the evidence presented by the parties. The outcome of the inquiry will have a significant, if not determinative, impact on several if not all of the tort claims. In sum, the parties entered into a business relationship made up of various agreements.

"[C]ontract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." Lambert v. Kysar, 983 F. 2d 1110, 1121 - 22 (1st Cir. 1993). *See also Terra Int'l, Inc.,* at 694. This result is also called for by precedence in the Eleventh Circuit. *See In re Ricoh Corp.,* 870 F.2d 570 (11th Cir. 1989). Allowing Regional to avoid the effect of the forum selection clause because of its "artful pleading" would enable it to unilaterally modify the agreements it made with Roche.

The decision that the forum selection clause is broad enough to encompass the pending dispute leads to the question of whether "the contractual forum is sufficiently inconvenient to justify retention of the dispute." *See In re Ricoh Corp.* at 573.  Regional, having the burden of proof on this issue, presents evidence in an effort to show that the transfer would be "unreasonable and seriously inconvenient."  Its evidence, in the form of an affidavit, cites the expense and difficulties that Regional would incur if the case were transferred.  According to Regional, most of the material witnesses and evidence is located in the Northern District of Alabama.  By affidavit, Roche  asserts that its witnesses as well as records concerning its dealings with Regional are located in Indiana.  These are all factors to be considered in deciding if the transfer should be granted, but they will rarely outweigh a choice of forum clause. *See In re Ricoh Corp.* at 573.  While it will obviously be difficult for Regional to litigate its case in Indiana, it would likewise be difficult for Roche to litigate in Alabama.  Regional asserts that a material witness is ill, but fails to explain how that testimony cannot be presented by deposition.  Regional has failed to meet its burden of proof on this issue.

IV.  Conclusion.

For the reasons stated in this opinion, the Motion to Transfer is due to be granted.  A separate order will be entered.

Done this 20 day of May 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE